UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON WILLIAMS,<br><br>               Plaintiff,<br>  v.<br><br>BANK OF AMERICA, N.A., AS SUCCESSOR TO COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation; RECONTRUST COMPANY, N.A., a corporate of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS of CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-6; a corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as: 3651 N. Dixon Ave., Meridian, Idaho 83646,<br><br>               Defendants. | Case No. 1:11-cv-00383-BLW-REB<br><br>**ORDER** |

      On August 10, 2012, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Dkt. 32), recommending that Defendants' Motion to Dismiss (Dkt. 5) be granted. Any party may challenge a magistrate judge's proposed recommendation by filing written objections within fourteen days after being served with

**ORDER - 1**

a copy of the Magistrate Judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff filed an objection challenging the Report and Recommendation's conclusion that his Complaint be dismissed. (Dkt. No. 29). Plaintiff, in his objection, merely restates the same arguments made in his response to the motion to dismiss. The Court has nonetheless carefully considered the Plaintiff's contentions and conducted a *de novo* review of the record and the Court agrees with Judge Bush's conclusions. Plaintiff is in default on his mortgage obligations, has not tendered payment of his obligation, and thus is not entitled to quiet title. Plaintiff's theories that securitization of the mortgage clouded title to the property, or that MERS is not a valid beneficiary entitled to enforce the note, are not supported by the case law or the loan documents. Plaintiff also cannot offer any legal authority in support of his claim that Defendants cannot foreclose unless they prove they possess the note. Finally, Plaintiff has failed to show that the debt was not properly assigned, or that Defendants otherwise failed to comply with Idaho's foreclosure laws. As such, Defendants' motion to dismiss will be granted.

## ORDER

**IT IS ORDERED:**

1. Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Bush's Report and Recommendation is well founded in law and consistent with the Court's own view of the record. Therefore, acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 10, 2012, (Dkt. 32), shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

2. Defendants' Motions to Dismiss (Dkt. 5) is **GRANTED**.

3. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: September 17, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 3**